Catron, Ch. J.
delivered the opinion of the court.
The record is so very defective in the statement of facts, that we could not give judgment on the declaration, if the suit were against a merchant within our undoubted jurisdiction; but it is against a Cherokee native, residing within the limits of the Cherokee nation, and there having a store. This is claimed to be subject to be taxed.
Before the passage of the act of 1833, ch. 16, we did not claim jurisdiction to tax persons within the Cherokee boundary, nor had we such jurisdiction, The act of Assembly partially extended it, but on the subject of taxation has the following exception: “Provided, however, nothing in this act contained shall be construed to authorize or allow any tax to be levied upon any native Cherokee residing within the limits of said tract of coun-. try at the passage of this act.” Another clause declares, that neither this exception, nor any other in the act, shall extend to any native Cherokee, who may have had before the passage of the act, or may thereafter have, the rights of citizenship extended to him, but that he shall be sub-* ject to all the duties, and liable to all the public dues, that other citizens of the State of Tennessee are subject or liable to, as is or may be provided by the laws of the State of Tennessee.
The facts agreed shew, that Lewis Ross was one of the fee simple reservees provided for by the treaty of 1819; but this is not the description of person contemplated by the act of 1833; he did not have the rights of citizenship extended to him by any law or laws of the State of Tennessee, so as to confer on him the full benefit of *77 those laws, when alone he can be made subject to their penalty. Although Lewis Ross is a gentleman of character and intelligence, and would be a highly respectable member of any community, yet by our laws, there are imposed upon him odious disabilities which deprive him of many of the highest1 privileges which citizenship, within the meaning of the act, would confer. Not having the benefits of our government extended to him, the Cherokee is not subjected to its burthens; because taxation without representation is tyranny. The Cherokee has no vote in our elections, nor right to be a representative in our legislature, because he is no citizen; and to tax him would be practising the same despotic power against which our ancestors so justly rebelled. This court is happy to find that the legislature of 1833 was duly impressed with this consideration, and did not assume the power to tax an individual circumstanced like the present defendant.
The court will not now express any opinion on the powers of the Legislature to extend the laws of the State to the extent of her limits. No opinion on this highly interesting and delicate question has been called for in the present case, nor has the court formed any. Let judgment be entered for the defendant, Ross; that he go hence, in affirmance of the judgment of the circuit court.
Judgment affirmed.